**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Gregory Millsape, | ) | CASE NO. 1:13 MC 110 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Postal Service, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss (Doc. 5).  For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Gregory Millsape filed this case against the United States Postal Service as a Motion for Order Pursuant to Customer Challenge Provisions of the Electronic Communications Privacy Act.  Plaintiff alleged that he was a customer of Verizon Wireless and that his records were being requested by the Government.  Plaintiff stated that the electronic communications being sought were not relevant to the legitimate law enforcement inquiry stated in the Customer

1

Notice that was sent to him because the Postal Service had failed to provide any evidence to support the allegation that the electronic communications were involved in any criminal activity.

Special Agent Craig Austin provides a declaration stating the following. He is employed by the United States Postal Service Office of Inspector General as a Special Agent to investigate cases for the Postal Service. He provided plaintiff with the customer challenge provisions related to United States Postal Service Office of Inspector General Subpoena Number 140149 on December 19, 2013. After providing notice to plaintiff, but prior to serving the subpoena on Verizon Wireless, Special Agent Austin determined that the subpoena was no longer necessary in the course of his investigation. Subpoena Number 140149 was never actually served on Verizon Wireless. No demand for plaintiff's phone records was served on any entity. (Doc. 5 Ex. 2)

This matter is before the Court upon defendant's Motion to Dismiss.[1]

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6ᵗʰ Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint

---

[1]    This Court need not hold the Motion to Dismiss for further response from plaintiff. 18 U.S.C. § 2704(b)(3) ("If the court is unable to determine the motion or application on the basis of the parties initial allegations and response... the court may conduct such additional proceedings as it deems appropriate. All such proceedings shall be completed and the motion or application decided as soon as practicable after the filing of the governmental entity's response.")

in the light most favorable to the non-moving party, "the court does not accept the bare assertion

of legal conclusions as enough, nor does it accept as true unwarranted factual inferences."

*Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek*

*Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
> claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
> statement need only give the defendant fair notice of what the ... claim is and the grounds
> upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic*
> *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be
> enough to raise a right to relief above the speculative level" and to "state a claim to relief
> that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ]
> factual content that allows the court to draw the reasonable inference that the defendant is
> liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that

the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face based on factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged..  *Twombly*, 550 U.S. at 570;

*Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### Discussion

Plaintiff filed his motion pursuant to the Stored Communications Act, 18 U.S.C. §§ 2701

*et seq.*, which permits a governmental entity to compel a service provider to disclose the contents

of electronic communications in certain circumstances.  A customer may file a challenge under

the statute.  18 U.S.C. § 2704(b) states:

> (b) Customer challenges.--(1) Within fourteen days after notice by the governmental
> entity to the subscriber or customer under subsection (a)(2) of this section, such
> subscriber or customer may file a motion to quash such subpoena or vacate such court

order, with copies served upon the governmental entity and with written notice of such challenge to the service provider. A motion to vacate a court order shall be filed in the court which issued such order. A motion to quash a subpoena shall be filed in the appropriate United States district court or State court. Such motion or application shall contain an affidavit or sworn statement--

Defendant has demonstrated, however, that the Postal Service never served the subpoena on Verizon.  Special Agent Austin shows that although he was planning to issue the administrative subpoena to obtain plaintiff's Verizon Wireles telephone records and provided notice thereof, he never actually served the subpoena on Verizon because he determined it was no longer necessary.  Therefore, plaintiff's customer challenge is moot as he suffered no injury.

For these reasons, defendant's Motion to Dismiss is granted.

IT IS SO ORDERED.


  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:  6/18/14

4